Argued August 20, affirmed in part; reversed and remanded
in part September 22, 1975

TERRELL LONG, *Petitioner, v.* OREGON STATE
PENITENTIARY (No. 4473 02-75-153), *Respondent.*

540 P2d 385

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for petitioner.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

A prison disciplinary committee found petitioner guilty of disobeying an order, disrespect to staff, and

assault. We affirm the first finding and remand for further proceedings on the other two.

## Disobeying an Order

■ A prison employe, Mr. Paige, was searching inmates in the prison slaughterhouse. According to Mr. Paige's written report, petitioner

"* * * had a cow's horn in his hand. I asked to look inside the horn. He started to yell about what I expected to find in the horn. I told him to knock it off. He kept hollering, so I told him to either be quiet or he would see the Lieut. 'He said OK, he would see the Lieut. * * *."

The only other relevant evidence before the committee consisted of petitioner's testimony:

"* * * [Mr. Paige said] take everything out of your pockets and I said, 'oh, I'm sorry' and I got my cigarettes and I had forgotten all about the horn. And he started shaking me down and he hit my jacket pocket and said what's that. I said, oh, that's a horn, and then I took it out of my pocket. And he said well what's in the horn. I said man nothing in the horn. I turned it up side down and he said give to him. And he said how come you didn't give me the horn. Well, there was nothing —I said man what would be in horns, you know. And he said look don't get smart with me. I'll send you up to see the lieutenant. And I was getting mad because I been having personal problems anyway. I said okay man, I said I'll go see the lieutenant * * *."

Under *Ross v. OSP,* 22 Or App 209, 538 P2d 90 (1975), Mr. Paige's report is arguably inadequate to establish an unambiguous order that can be the basis of a disobedience charge. But when read together with petitioner's testimony, there is sufficient evidence to support the committee's finding that:

"* * * [Petitioner] refused to turn over to Mr.

Paige a cow's horn he had in his pocket when ordered to do so."

### Disrespect to Staff and Assault

Matters between petitioner and Mr. Paige then went from bad to worse, as described by the committee's written decision:

"* * * Inmate Long stated that he went to the lieutenant's office, informed the lieutenant that he had had some words with Mr. Paige and that the lieutenant had sent him up to his bunk. Mr. Paige came in a few minutes later and not finding Inmate Long in the lieutenant's office, went directly to his bunk area and was met by Inmate Long. Mr. Paige was upset and told Inmate Long to go back down to the lieutenant's office. Inmate Long proceeded to argue with Paige, at which Inmate Long states Mr. Paige called him 'A black bastard' and 'A nigger'. Inmate Long stated this upset him considerably and they commenced arguing. Mr. Paige, on arriving in the lieutenant's office, went into another office to write up Inmate Long and told the staff in the office to keep their eyes on Long. Inmate Long stated that he watched Mr. Paige and that Mr. Paige's attitude and comments were needling him concerning the report * * *. Inmate Long admits that he threw a cup of coffee and a cup at Mr. Paige when he finally 'blew up'."

The committee also found that petitioner used obscene and abusive language toward Mr. Paige at about the time of the assault.

Given that the committee found petitioner's allegation that Mr. Paige was the first to use abusive language significant enough to recite, we believe the committee should have gone one step further and made a finding on whether petitioner's allegation was true.

■ We do not hold that petitioner's allegation, if found to be true, would be a defense to the charges.

That question should be considered by the disciplinary committee on remand. But at the very least, it would seem that petitioner's allegation, if true, would be an important factor to consider in imposing punishment.

Affirmed in part; reversed and remanded in part.